# EXHIBIT 1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/23/2022** at 05:02:45 PM

Clerk of the Superior Court
By Marfil Estrada, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONSERVICE, LLC., a Utah Limited Liability Company, and DOES 1 through 10,000, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MICHAEL RAY; BRITNI GEORGIANNA; ROES 1 through 100 inclusive; individually, and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court

330 West Broadway, San Diego, California 92101

CASE NUMBER:
*(Número del Caso):*
37-2022-00034034-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jimmie Davis Parker, Esq. 7812 Wing Flight Court San Diego, California 92119 619-887-3300

DATE: 08/24/2022                    Clerk, by _M. Estrada_ , Deputy
*(Fecha)*                           *(Secretario)*   M. Estrada    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jimmie Davis Parker, Esq. (SBN 252023)<br>Law Office of Jimmie Davis Parker, APC 7812 Wing Flight Court San Diego, CA 92119<br><br>TELEPHONE NO.: 619-887-3300   FAX NO. (Optional):<br>E-MAIL ADDRESS: JDParker@gmail.com<br>ATTORNEY FOR (Name): Micheal Ray, Britni Georgianna | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/23/2022** at 05:02:45 PM<br>Clerk of the Superior Court<br>By Marfil Estrada, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Ray, et al. v. Conservice, LLC

| **CIVIL CASE COVER SHEET** | | | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2022-00034034-CU-BT-CTL |
| | | | JUDGE: Judge Keri Katz<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Four: Equitable Accounting; Violation of Civil Code 1954.209; Declaratory Relief, UCL
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: Aug 23, 2022
Jimmie Davis Parker, Esq.

_(TYPE OR PRINT NAME)_                    ►                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

CM

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic environmental) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach–Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort non-complex)
  Other Civil Complaint (non-tort non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

JIMMIE DAVIS PARKER, ESQ. (SBN: 252023)
**LAW OFFICE OF JIMMIE DAVIS PARKER, APC**
7812 WING FLIGHT COURT
SAN DIEGO, CALIFORNIA 92119
619.887.3300
JDParker@gmail.com

JEFFREY L. HOGUE, ESQ. (SBN 234557)
TYLER J. BELONG, ESQ. (SBN 234543)
**HOGUE & BELONG**
170 Laurel Street
San Diego CA 92101
Telephone No: (619) 238-4720
jhogue@hoguebelonglaw.com
tbelong@hoguebelonglaw.com

Attorney for Plaintiffs Michael Ray & Britni Georgianna and all others similarly situated

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MICHAEL RAY; BRITNI GEORGIANNA; ROES 1 through 100 inclusive; individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CONSERVICE, LLC., a Utah Limited Liability Company, and DOES 1 through 10,000, inclusive, <br><br> Defendants. | Case No.: <br><br> [Imaged File] <br><br> CLASS ACTION <br><br> (Plaintiff Class, Cal. Code Civ. Proc., § 382) <br><br> **JURY DEMAND** <br><br> **CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** <br><br> 1. Equitable Accounting <br> 2. Violation of Civil Code § 1954.209 <br> 3. Declaratory Relief <br> 4. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*) |

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

Plaintiffs aver:

## JURISDICTION

1.      This Court has jurisdiction over the claims for relief asserted herein pursuant to Article 6, Section 10 of the Constitution of the State of California.

## VENUE

2.      Venue of this civil action is properly fixed in San Diego County, California, pursuant to Sections 395 and 395.5 of the California Code of Civil Procedure.

## CERTAIN AVERMENTS UPON INFORMATION AND BELIEF

3.      The averments of fact which are contained within certain Paragraphs of this Complaint are made upon information and belief which may be grounded in whole or in part upon matters discovered through investigation conducted by the undersigned counsel.

## PARTIES

4.      Plaintiff MICHAEL RAY is an individual, a resident of San Diego County and a citizen of the State of California.

5.      Plaintiff BRITNI GEORGIANNA is an individual, a resident of San Diego County and a citizen of the State of California.

6.      Plaintiffs ROES 1 through 100 are tenants or former tenants at a California multi-dwelling residential building and mobilehome parks under contract with Defendant CONSERVICE, LLC ("CONSERVICE") for utility billing services, who, though not yet identified, are similarly situated to the above-named Plaintiff, and who may serve as additional class representatives.  The true names of Plaintiffs ROES 1 through 100 will be added to this Complaint when their identities become known.   Hereinafter Plaintiff MICHAEL RAY and BRITNI GEORGIANNA, and unidentified Plaintiffs ROES 1-100 shall be collectively called "Plaintiffs".

7.      Defendant CONSERVICE, LLC is a self-described Utility Management Provider for over 5.2 million locations in North America.  Of the many utility-related services CONSERVICE provides is what they refer to as "Expense Management."   As part of CONSERVICE's expense management service, CONSERVICE acting as an agent for their clients, frequently multi-dwelling residential properties in the State of California, collects and processes utility bills from master-

**CLASS ACTION COMPLAINT SEEKING DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

metered landlords, then bills individual tenants their *pro rata* share ostensibly by applying a formula to the individual tenants of these buildings.

8.      Upon information and belief, 100% of the putative plaintiffs resided in California at the time their causes of action accrued, more than two-thirds of putative plaintiffs continue to reside in California, all injuries complained of herein occurred within California, and all principals of CONSERVICE's agency to bill tenants in the State of California own property in the State of California which is subject of the instant suit.

9.      Plaintiff is informed and believe and thereupon aver that DOES 1 through 10,000 are other natural persons, corporations, limited-liability companies, general partnerships, limited partnerships, limited-liability partnerships, trusts, unincorporated associations, and/or other entities of any kind or character who have incurred liability to Plaintiff (and/or to one or more members of the Plaintiff Class) in relation to the transactions and/or occurrences that are the subject of this Complaint, or who have any interest in the subject of this Complaint.  Specifically, DOES 1 through 10,000 are property owners who have hired CONSERVICE to perform Utility Management Services and are directly, jointly and severally liable for the claims asserted herein.  CONSERVICE is an agent of these DOE defendants who is liable for their actions herein described as agents for these various property owners.

10.     Except as may be described here, Plaintiff is yet uninformed of the true names, capacities and nature and extent of participation in the course of conduct alleged here of the persons sued as DOES 1 through 10,000 inclusive, and Plaintiff is as yet uninformed of the nature and extent of any interest that the persons sued as DOES 1 through 10,000 inclusive may have in the subject of the Complaint. Plaintiff therefore sues these defendants by fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained.

11.     Upon information and belief, each of the Defendants named here, including DOES 1-10,000 and their alter-egos, are joint-tortfeasers, in joint-enterprise, co-conspirators, and acting within the scope of their agency and within their actual and apparent authority to conduct themselves in the manner herein complained.

12.     Upon information and belief, each of the Defendants named here, including DOES 1-

**CLASS ACTION COMPLAINT SEEKING DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

10,000 and their alter-egos, acted as an owner, principal, agent, employer, employee, joint-employer, joint-venturer, franchisor, franchisee, shareholder, director, member, co-conspirator, shell, conduit, master, or partner of each other, and at all times were acting within the scope and course and in pursuance of his, her or its agency, employment, joint-employment, joint-venture, franchise, partnership, common and joint-enterprise, or actual or apparent authority in concert with each other.

13.     Upon information and belief, each of the Defendants named here, including DOES 1 - 10,000 and their alter-egos, are individually, jointly and severally liable to Plaintiff and Plaintiff class because each Defendant directly or indirectly, or through an agent or employee, actually, proximately and vicariously caused injury to Plaintiffs as described here.

14.     Upon information and belief, the acts and omissions of each Defendant named here, including DOES 1 – 10,000 and their alter-egos, contributed to the acts and omissions of each other Defendant in proximately causing the complaints, injuries, and damages alleged.   Defendants approved of, condoned, and/or otherwise ratified each of the acts or omissions complained of herein. And Defendants aided and abetted the acts and omissions of each other Defendant, including DOES 1 -10,000 and their alter-egos, in proximately causing the complaints, injuries, and damages alleged.

## GENERAL ALLEGATIONS

15.     Succinctly put, CONSERVICE bills individual tenants at apartment complexes for their *pro rata* share of master-metered utilities and other property-wide charges, such as, pest control and trash.   California law requires utilities to be billed to tenants *pro rata* without any upcharges. California law also requires provision of master-metered water bills upon request from any tenant along with figures and formulas used to determine their *pro rata* share.  California law is similar with respect to power bills.  Further, equity affords tenants the right to review any other master-metered or property-wide invoices and the exact formulas used to calculate their billed *pro rata* share. CONSERVICE's uniform policy is to refuse to provide the individual tenants with the master-meter and other property-wide invoices when there is a request for them.   CONSERVICE also systematically and uniformly refuses to provide the exact underlying calculations they use to assess each individual tenants' charges.  CONSERVICE's refusal to produce this information violates the law (see, e.g., Civil Code section 1954.209(b)(1)).  Additionally, tenants have a common law right of

---

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

accounting to review the underlying basis of any charges levied by their landlords (*see, e.g., McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784).   CONSERVICE has no valid basis in law to refuse to produce this information and, upon information and belief, the refusal to provide the underlying information only serves the purpose of obscuring illegal upcharging of utility and other property-wide obligations levied against individual tenants.   CONSERVICE's refusal to produce this information even following demand from legal counsel has necessitated this action to declare CONSERVICE's uniform policy unlawful and unfair; further, to ensure statutory compliance and an equitable accounting to determine whether CONSERVICE's illegal policy is merely misguided or exists to obscure the unlawful upcharging of California tenants.

16.   CONSERVICE contracts with property owners (landlords) including numerous apartment complexes and mobilehome parks throughout the state of California to administer utility billing (e.g., electricity, water, gas, water heating, pest control, trash, sewer, etc.) for their clients.   As part of this service, CONSERVICE, collects and reviews all utility bills, aggregates them, then subsequently issues monthly invoices, and collect monies from their respective clients' tenants ostensibly pursuant to statutorily mandated *pro rata* formulas.   The billed tenant has no direct contractual relationship with CONSERVICE.   CONSERVICE is a "billing agent" for their clients as defined in Civil Code section 1954.202(a).   The billed tenant has a contractual relationship, in the form of a residential lease, with the principals and clients of CONSERVICE, typically large property owners, developers and managers including Greystar and Essex Property Trust.

17.   When a tenant contests a bill, or merely asks for clarification on the amounts of or basis for their bill, CONSERVICE uniformly and systematically refuses to provide a transparent accounting of the basis for their bill.   For example, if a customer requests to see the underlying utility provider's master-metered or property-wide invoice from which CONSERVICE claims is the basis for the consumer's bill, CONSERVICE refuses to produce the bill frequently citing "contractual," "confidentiality" or "privacy" concerns.   Furthermore, if a consumer requests the exact calculations for how CONSERVICE arrived at the amount claimed owed for any given service, CONSERVICE will only point to vague disclosures on their bills such as: "Service provider issues bill, property management pays a portion to cover common area usage.   Remaining amount is paid by residents

using a formula based on the number of occupants and the unit's square footage." The disclosures on CONSERVICE's invoices uniformly fail to describe the exact formula and figures used to calculate the amounts claimed owed. Even if a consumer hires a lawyer and a demand is made for calculations and basis of contested bills, CONSERVICE uniformly, and systematically, refuses to provide the basis of and calculations for the utility bills they present and charge to consumers.

18.     Landlords and their billing agents are governed by California law that mandates that sub-metered tenants cannot be charged any more than if they were directly billed by utility provider and that they must be credited for any rebates the master-metered customer received. California law further dictates that landlords and their billing agents act transparently with respect to their billing practices including but not limited to provision within seven days of demand the most recent water master-metered bill for water related charges and that power bills are issued in general accordance with form and content of the master-metered bills. CONSERVICE in affirmative violation of the law uniformly and systematically refuses to provide a transparent accounting of the charges levied against the tenants.

## STATUTORY FRAMEWORK

19.     Public Utilities Code section 739.5(a) provides in pertinent part: "whenever gas or electric service, or both, is provided by a master-meter customer to users who are tenants of a mobilehome park, apartment building, or similar residential complex, the master-meter customer shall charge each user of the service at the same rate that would be applicable if the user were receiving gas or electricity, or both, directly from the gas or electrical corporation."

20.     Public Utilities Code section 739.5(b) provides: "Every master-meter customer of a gas or electrical corporation subject to subdivision (a) who, on or after January 1, 1978, receives any rebate from the corporation shall distribute to, or credit to the account of, each current user served by the master-meter customer that portion of the rebate which the amount of gas or electricity, or both, consumed by the user during the last billing period bears to the total amount furnished by the corporation to the master-meter customer during that period."

21.     Public Utilities Code section 739.5(e) provides in pertinent part: "Every master-meter customer shall provide an itemized billing of charges for electricity or gas, or both, to each individual

user generally in accordance with the form and content of bills of the load-serving entity or gas corporation to its residential customers, including, but not limited to, the opening and closing readings for the meter, and the identification of all rates and quantities attributable to each block in the applicable rate structure."

22.     Public Utilities Code section 12821.5(b) provides in pertinent part: "Every master-meter customer shall provide an itemized billing of charges for light, heat, and power to each individual user generally in accordance with the form and content of bills of the district to its residential customers, including, but not limited to, the opening and closing readings for the meter, and the identification of all rates and quantities under the applicable rate structure.  The master-meter customer shall charge each user of the service at a rate which does not exceed the rate which would be applicable if the user were receiving residential light, heat, or power directly from the district."

23.     Civil Code section 1954.209 provides: The landlord shall maintain and make available in writing, at the tenant's written or electronic request, within seven days after the request, the following:

(a) The date the submeter was last inspected, tested, and verified, and the date by which it shall be reinspected, tested, and verified under law, if available.  If this information is not available, the landlord shall disclose that the information is not available.

(b) The data used to calculate the tenant's bill, as follows:

(1) The most recent water bill for the property's master water meter showing the recurring fixed charge for water service billed to the property by the water purveyor, and the usage charges for the property, including any tiered amounts.

(2) Any other bills for water service, as defined in subdivision (h) of Section 1954.202, for the property.

(3) The number of dwelling units in the property used in the last billing period to calculate the tenant's water service charges.

(4) If not shown on the bill for the property, the per unit charges for volumetric water usage, including any tiered amounts.

(5) The formula used to calculate the charge for the tenant's volumetric water

usage.

(c) The location of the submeter.

24.     Civil Code section 1954.202(h) defines "Water service" as "any charges, whether presented for payment on local water purveyor bills, tax bills, or bills from other entities, related to water treatment, distribution, or usage, including, but not limited to, water, sewer, stormwater, and flood control."

25.     Civil Code section 1954.206 provides:

(a) Submeters shall be read within three days of the same point in each billing cycle.

(b) Payments shall be due at the same point in each billing cycle.  A tenant may agree in writing to receive a bill electronically.  A tenant may rescind authorization for electronic delivery of bills at any time.  The landlord shall have 30 days to comply with any change in how a tenant requests to receive a bill.  A tenant shall not be required to pay a bill electronically.

(c) A bill shall include and separately set forth the following information:

(1) The submeter reading for the beginning date and ending date of the billing cycle, the dates read, and the indicated consumption as determined by subtracting the amount of the beginning date submeter reading from the amount of the ending date submeter reading.  If the unit of measure is in something other than gallons, the indicated consumption shall be expressed in gallons.

(2) The amounts charged pursuant to subdivision (a) of Section 1954.205.

(3) The rate or rates charged for the volumetric charge per unit of measure.

(4) The amount, if any, due from the previous month's bill.

(5) The amount, if any, due from bills prior to the previous month's bill.

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

(6) The late fee, if any, imposed on amounts specified in paragraph (4) or (5).

(7) The total amount due for the billing period.

(8) The due date for the payment.

(9) If a late fee is charged by the landlord, a statement of when the late fees would apply.

(10) The procedure to contact the landlord or billing agent with questions or concerns regarding the bill. Upon request of the tenant, the landlord or billing agent shall respond in writing to any questions or disputes from the tenant. If a billing agent is used, the name of the billing agent shall be disclosed. The tenant shall be provided a mailing address, email address, and telephone number, which shall be either a toll-free or a local number, and the time of regular telephone hours for contact regarding billing inquiries.

(11) A statement that the landlord or billing agent is not the water purveyor that includes the name of the local water purveyor providing the water service to the master meter.

(12) A mailing address, an email address, and a toll-free telephone number or a local telephone number for the tenant to use to contact the landlord, or an agent of the landlord, to report any leaks, drips, water fixtures that do not shut off properly, including, but not limited to, a toilet, or other problems with the water system, including, but not limited to, problems with water-saving devices.

26. Civil Code section 1954.205 provides:

(a) As part of the regular bill for water service, a landlord shall only bill a tenant for the following water service:

(1) A charge for volumetric usage, which may be calculated in any the following ways:

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

(A) The amount shall be calculated by first determining the proportion of the tenant's usage, as shown by the submeter, to the total usage as shown by the water purveyor's billing.  The dollar amount billed to the tenant for usage shall be in that same proportion to the dollar amount for usage shown by the water purveyor's billing.

(B) If the water purveyor charges for volumetric usage based on a tiered rate schedule, the landlord may calculate the charge for a tenant's volumetric usage as described in subparagraph (A) or the landlord may instead divide each tier's volume evenly among the number of dwelling units, and the rate applicable to each block shall be applied to the consumption recorded for each dwelling unit.

(C) If the water purveyor charges the property rates on a per-dwelling unit basis, the tenants may be charged at those exact per unit rates.

(2) Any recurring fixed charge for water service billed to the property by the water purveyors that, at the landlord's discretion, shall be calculated by either of the following:

(A) The tenant's proportion of the total fixed charges charged to the property.  The tenant's proportion shall be based on the percentage of the tenant's volumetric water use in relation to the total volumetric water use of the entire property, as shown on the property's water bill during that period.

(B) Dividing the total fixed charges charged to the property equally among the total number of residential units and nonresidential units at the property.

(3) A billing, administrative, or other fee for the landlord's and billing agent's costs, which shall be the lesser of an amount not to exceed four dollars and seventy-five cents ($4.75), as adjusted pursuant to this paragraph or 25 percent of the amount billed pursuant to paragraph (1).  Beginning January 1, 2018, the maximum fee authorized by this paragraph may be adjusted each calendar year by the landlord, no

higher than a commensurate increase in the Consumer Price Index based on a California fiscal year average for the previous fiscal year, for all urban consumers, as determined by the Department of Finance.

(4) A late charge as assessed pursuant to Section 1954.213.

(b) If a submeter reading for the beginning or end of a billing period is, in good faith, not available, the landlord shall bill the tenant according to Section 1954.212.

(c) This section does not prohibit a landlord or the landlord's billing agent from including any other lawful charges, including, but not limited to, rent, on the same bill.

27.     CONSERVICE is mandated by California law to only take a small monthly fee of approximately $5 to ensure that their landlord clients are billing tenant utilities per code, in that, the utility billing is (a) transparent (i.e., "generally in accordance with form and content of master-meter bills,") (b) calculated *pro rata*, and (c) without upcharge.   CONSERVICE systematically and uniformly refuses to provide consumers with the master-metered or property-wide invoices (nor the exact *pro rata* calculations employed) upon request in violation of California law.

## NAMED PLAINTIFFS DISPUTE THEIR BILLS

28.     Plaintiff MICHAEL RAY is a former tenant of an apartment complex doing business as Point Bonita generally described as 250 Bonita Glen Drive, Chula Vista, CA 91910.  The property is owed by R R E BONITA GLEN HOLDINGS LLC and is managed by Greystar Worldwide, LLC dba Greystar Real Estate Partners.  Mr. RAY resided as a single occupant in a small unit and was charged $502.99 in September 2021 and $634.29 in in October 2021 for electricity.  Believing that these charges were obviously incorrect, Mr. RAY first contacted Greystar to investigate and dispute the charges.  Greystar informed Mr. RAY to directly contact CONSERVICE with any questions. When Mr. RAY contacted CONSERVICE, he requested the electric bill from San Diego Gas & Electric and a detailed description of how his charges were calculated.  CONSERVICE refused to provide the requested electric bill citing "confidentiality."  Mr. RAY became suspicious that he was overpaying for all charges levied by CONSERVICE based upon their refusal to provide the

underlying bills for electricity.

29.  Mr. RAY was billed by CONSERVICE from April 2021 to August 2022 for the following items: DWR Bond Charge, Electric Commodity, Electric Distribution, Water Heating, Pest Control, Sewer, Rent, State Regulatory Fee Tax, Trash, Utility Tax, Water and Service Fee.

30.  Mr. RAY's CONSERVICE invoices purports that each of the above-described charges levied are calculated either using sub-metered readings or via an ambiguously described formula:

a.  DWR Bond Charge: "Electric Generation (DWR). Your submeter is read each month and you are billed according to exact electricity use in your apartment at the current rate charged by San Diego Gas & Electric. You are charged $.00652 per kWh. Please see the last page of the bill for the electric breakdown."

b.  Electric Commodity: "Electric Commodity. You are billed based on the amount of electricity used in your unit. Your sub-meter reads in kWh units. You are charged $.20102 per kWh. Please see the last page of the bill for the electric breakdown.

c.  Electric Distribution: Electric Distribution. You are billed based on the amount of electricity used in your unit. Your sub-meter reads in kWh units. You are charged $.18798 per kWh. Please see the last page of the bill for the electric breakdown."

d.  Water Heating: "Water heating service is provided by San Diego Gas & Electric. Service provider issues bill, property management pays a portion to cover common area usage. Remaining amount is paid by residents using a formula based on the number of occupants and the unit's square footage."

e.  Pest Control: "Your charges are based on a flat rate per unit for your pest control service."

f.  Rent: "Your rent charges have been included with your utility bill as a courtesy. Your lease with the management will still serve as the control document for all applicable rent charges."

g.  Sewer: "Sewer service is provided by City of Chula Vista CA. Service provider issues bill, property management pays a portion to cover common area usage. Remaining amount is paid by residents using a formula based on the number of occupants and the

unit's square footage."

h.   State Regulatory Fee Tax: "State Surcharge Tax & Regulatory Fee.  You are billed based on the amount of electricity used in your unit. Your sub-meter reads in kWh units.  You are charged $.0016 per kWh.  Please see the last page of the bill for the electric breakdown."

i.   Trash: "Trash service is provided by Republic Services #509.  Service provider issues bill, amount is allocated to residents using a formula based on the number of occupants and the unit's square footage."

j.   Utility Tax: "Electric Utility Tax.  Your submeter is read each month and you are billed according to exact electricity use in your apartment at the current rate charged by San Diego Gas & Electric.  You are charged $.0025 per kWh.  Please see the last page of the bill for the electric breakdown.

k.   Water: "Water service is provided by Sweetwater Authority.  Service provider issues bill, property management pays a portion to cover common area usage.  Remaining amount is paid by residents using a formula based on the number of occupants and the unit's square footage."

31.   Plaintiff BRITNI GEORGIANNA is a resident of an apartment complex doing business as Alpine Villages, generally located at 34 Calle Conejo, Alpine, California 91901 from about November 2021 to Present.   The property is owed in partnership by ESSEX J M S ACQUISITION and ESSEX PROPERTY TRUST INC.   The property is managed by ESSEX PROPERTY TRUST, INC.   Ms. GEORGIANNA resided as a double occupant in a small unit and based upon conversations with other residents, suspected that she was being overcharged for trash and utilities.   When Ms. GEORGIANNA inquired to ESSEX PROPERTY TRUST, INC., she was instructed to contact CONSERVICE.   In order to verify that she was being charged correctly, Ms. GEORGIANNA requested that CONSERVICE provide the underlying utilities bills and calculations for her individual bill.   CONSERVICE refused stating: "As those bills are used for the entire apartment community, and not just your account specifically I would be unable to provide the provider bills."   CONSERVICE also refused to provide the exact calculations for how her *pro rata*

share of utilities was being calculated.

32.     CONSERVICE invoiced Ms. GEORGIANNA monthly for Sewer, Trash, Water and Service Fee.

33.     Ms. GEORGIANNA's CONSERVICE invoices purports that each of the above-described charges levied are calculated via an ambiguously described formula:

a.   Sewer: "Sewer service is provided by San Diego County Treasurer - Tax Collector. Service provider issues bill, amount is allocated equally by number of units."

b.   Trash: "Trash service is provided by Republic Services #529 and Paramount Waste Reduction.  Service provider issues bill, amount is allocated equally by number of units."

c.   Water: "Water service is provided by Padre Dam Municipal Water District.  Service provider issues bill, property management pays a portion to cover common area usage. Remaining amount is allocated to residents using a formula based on the unit's square footage."

34.     Plaintiffs' CONSERVICE invoices further states: "This bill is not from your local utility provider or from any other provider.  Your charges are calculated using the service provider bills issued most recently."

35.     Plaintiffs' CONSERVICE invoices further states: "Conservice is a service provider contracted to prepare monthly statements and provide conservation resources."

36.     In early 2022, Plaintiffs contacted counsel to investigate the charges and counsel issued a request for the underlying bills and calculations for all of the above charges for the duration of Plaintiffs' entire respective tenancies.  Counsel proffered: "Notwithstanding there is no discernable privacy interest to protect with respect to the provision of provider bills to my clients (nor the exact calculations performed to determine the charges), whatever protectable interest you contend exist sufficient to deny provision of the underling information to consumers seeking to verify the amounts they are billed, can be effectively mitigated by redacting protectable information while still allowing the consumers to verify the methodology and calculations that you contend substantiate the amounts that they are charged."  CONSERVICE provided more detailed calculations purportedly evidencing

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

how the amounts were calculated however still refused to provide the underlying master-metered or property-wide bills stating: "We have a contractual obligation to maintain our client's confidential information and are not authorized to disclose their records to third parties.  Additionally, California utility billing regulations do not require disclosure of provider utility bills to tenants upon request."

37.     As such, a demand for an accounting was made and refused by CONSERVICE and a dispute over the rights, responsibilities and obligations of the parties is ripe.

38.     Specifically, CONSERVICE systematically refuses to provide an accounting to consumers necessary to verify the amounts claimed owed and refuses to provide transparency as to how the amounts are calculated, even though Civil Code section 1954.209(b)(1) mandates provision of the master-metered water bill upon request along with the underlying calculations on how their charges were determined including number of units, applicable rate and volume of water consumed; further, the statutory framework of the Public Utilities Code requires provision of energy related bills in accordance with form and content of the master-metered landlords calculated *pro rata* without upcharge.

39.     As to the water related charges, statute mandates provision of the master-metered water bill upon request and CONSERVICE uniform policy is in systematic violation of the code.

40.     As to all other charges, ("non-water related charges") since there is no adequate remedy at law in order to verify "non-water related charges" levied by CONSERVICE against consumers, and the transactions are complex, the class of consumers subjected to CONSERVICE's patently non-verifiable, non-transparent billing practices are entitled to an equitable accounting to verify the amounts they have been billed including verifying that the statutorily mandated *pro rata* billing calculations have been performed correctly and without upcharge, specifically by providing the underlying master-metered or property-wide invoices for services.  CONSERVICE's systematic and uniform refusal to produce this information is without sufficient legal justification and necessitates the equitable power of the Court to remedy.

41.     The equitable accounting shall entail provision of all underlying master-metered or property-wide bills and invoices that form the basis of all "non-water related charges" and shall include the exact calculations used to determine each individual consumer's *pro rata* responsibility.

42.     CONSERVICE's refusal to provide the underlying bills in violation of law with respect to water related charges and without sufficient legal justification for non-water related charges coupled with the statutory requirements that tenant utility charges must be true to their respective share of the actual utility bills, allows CONSERVICE to escape scrutiny of their billing practices without judicial intervention and necessitates declaratory relief that the underlying calculations and invoices are subject to consumer review and verification upon request.   Even following good faith dispute, CONSERVICE demands that consumers take their word that they are complying with the law and that they are not required to provide the information that establishes that they are, however statute and equity provides that consumers are entitled to verify that they are billed as required by code as specifically provided in the Civil Code and other California authority.

43.     There are over one thousand "one star" reviews on CONSERVICE available on Yelp[1] and the Better Business Bureau[2] with many consumers complaining about being overcharged and the lack of transparency with respect to CONSERVICE's billing practices.   Upon information and belief, the only rationale CONSERVICE has for uniformly and systematically violating the law with respect to provision of underlying master-meter utility bills is to obscure other violations of law, namely upcharging on utilities.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff re-alleges and incorporates by reference the allegations of all preceding paragraphs.

45.     Plaintiff brings this action as a class action pursuant to California Civil Code of Procedure § 382 on behalf of himself and all other similarly situated persons in the Classes, which are composed of and defined as follows, excepting only individuals against whom or in whose favor a final judgment has already been rendered with respect to the defendant:

46.     The Relevant Time Period for the action is the prior four years from the date of filing

---

[1]  https://www.yelp.com/biz/conservice-the-utility-experts-river-heights (last accessed on Aug 23, 2022)

[2] https://www.bbb.org/us/ut/river-heights/profile/billing-services/conservice-utility-management-billing-1166-22011873 (last accessed on Aug 23, 2022)

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

pursuant to Code of Civil Procedure section 343.

47.     **Water Service Class:**  All former and current tenants of multi-dwelling residential buildings and motorhome parks in California that were invoiced for water service by CONSERVICE and requested CONSERVICE to provide the master-metered water bill and/or calculations substantiating the charges during the Relevant Time Period.

48.     **Non-water Service Class:** All former and current tenants of multi-dwelling residential buildings and motorhome parks in California that were invoiced for any utility or property-wide services other than water by CONSERVICE and requested CONSERVICE to provide the underlying master-metered or property-wide bill and/or calculations substantiating the charges during the Relevant Time Period.

49. The Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

    a. **<u>Numerosity:</u>** The class and all subclasses are so numerous that the individual joinder of all members is impracticable.  Plaintiffs are informed and believe that there are more than 10,000 class members in total and a sufficiently numerous amount in the proposed class.

    b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the class and each subclass that predominate over any questions that affect only individual members.  These common questions of law and fact include:

        1. Whether CONSERVICE's systematic refusal to provide master-meter water bills seven days following request from tenant violates Civil Code section 1954.209(b)(1).

        2. Whether CONSERVICE's systematic refusal to provide the exact calculations for water service fees (i.e., refusing to provide number of units sub-metered and rates per unit) violate Civil Code section 1954.209(b)(3), and (4).

        3. Whether California consumers subjected to CONSERVICE billing practices are entitled to an equitable accounting and provision of the

**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

underlying records and calculations consistent with *McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784 and other California authority.

4. Whether CONSERVICE has any legal justification to prevent disclosure of underlying bills and calculations they purport to use to justify the amounts they charge California consumers.

5. Whether CONSERVICE accurately bills California consumers without upcharge as required under the Public Utilities Code and Civil Code.

6. Whether CONSERVICE's invoices for energy services is in general accordance with form and content with the master-metered bills as required under the Public Utilities Code.

7. Whether CONSERVICE violates the law and fails to provide mater-metered bills in order to obscure additional violations of law, namely, upcharging consumers for utilities.

8. Whether CONSERVICE should be required to develop a legally compliant uniform policy with respect to provision of underlying utility bills to consumers upon request.

9. The appropriate measure of class-wide legal and/or equitable relief.

c. **Typicality:** Plaintiff's claims are typical of those of the Plaintiff. Plaintiff and all Plaintiff Class members sustained injuries and damages arising from Defendant's common course of conduct, and those injuries and damages were caused directly by the Defendant's wrongful conduct in violation of law as alleged.

d. **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interest of the members of the Plaintiff Class. Plaintiff has no interests adverse to the interests of absent class members. Plaintiff has retained counsel adequate to prosecute the case for the entire class.

e. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the

class is impracticable; class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, because Defendant is expected to contend that any individual's damages may be relatively small, the expense and burden of individual litigation make it difficult or impossible for individual class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the judicial system of individual adjudication would be substantial and present the potential for inconsistent or contradictory judgments. In addition, individual actions give Defendants too many opportunities to take advantage of unrepresented tenants at a summary proceeding without access to substantial discovery, as discovery is not available in small claims court.

50.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CLAIM FOR RELIEF
**Equitable Accounting**

51.     Plaintiffs re-allege and incorporate by reference the allegations of all preceding paragraphs.

52.     Plaintiffs are in a contractual relationship (residential lease) with the principals of CONSERVICE.

53.     At all relevant times, CONSERVICE acts as an agent within the scope of their agency, specifically as a "billing agent" as defined in Civil Code section 1954.202(a).

54.     CONSERVICE issues monthly invoices to Plaintiffs and Plaintiff Classes for utility services including but not limited to trash, power, and water.

55.     A complicated accounting relationship exists between CONSERVICE and Plaintiffs and the Plaintiff Classes.

56.     Plaintiffs and Plaintiff Classes dispute the amounts paid and/or claimed owed by CONSERVICE for utility services.

57.     Plaintiffs and Plaintiff Classes demanded invoices and other information substantiating the amounts charged by CONSERVICE in order to calculate amounts owed to Plaintiffs and Plaintiff Classes.

58.     CONSERVICE has refused to produce the requested information.

59.     The amount owed by CONSERVICE to the Plaintiffs and Plaintiff classes is unknown and cannot be ascertained without an accounting.

60.     The means of determining the amounts owed to Plaintiffs and Plaintiff classes are in the exclusive knowledge of CONSERVICE.

61.     The only legal remedy to resolve the dispute with respect to "non water related charges" is an equitable accounting for provision of the underlying invoices and exact calculations used by CONSERVICE to charge Plaintiffs and the Plaintiff classes.

## SECOND CLAIM FOR RELIEF
### Violation of Civil Code § 1954.209

62.     Plaintiff re-alleges and incorporates by reference the allegations of all preceding paragraphs.

63.     Plaintiffs are in a contractual relationship (residential lease) with the principals of CONSERVICE.

64.     CONSERVICE acts as an agent within the scope of their agency, specifically as a "billing agent" as defined in Civil Code section 1954.202(a).

65.     CONSERVICE issues monthly invoices to Plaintiffs and Plaintiff Classes for utility services including but not limited to power and water.

66.     Demand was made to CONSERVICE by Plaintiffs and the Water Service Class for the master-metered invoice and/or provision of the calculations used to levy charges against Plaintiffs and the Water Service Class.

67.     CONSERVICE refused to provide the master-metered invoices and/or provision of the calculations used to levy charges against Plaintiffs and the Water Service Class.

68.     CONSERVICE is required under Civil Code section 1954.209(b)(1) to provide the most recent water bill for the master-metered property within seven days of demand.

69.     CONSERVICE is required under Civil Code section 1954.209(b)(3) and (4) to provide information used in calculating the amounts claimed owed including the number of dwelling units in the property and the per unit charges for water usage.

70.     CONSERVICE is in systematic and uniform violation of Civil Code section 1954.209.

71.     Plaintiffs and the Water Service Class have suffered damages as a result of CONSERVICE's failure to adhere to the law.

### THIRD CLAIM FOR RELIEF
**Declaratory Relief**
**(Code Civ. Proc § 1060)**

72.     Plaintiffs re-allege and incorporate by reference the allegations of all preceding paragraphs.

73.     Plaintiffs are in a contractual relationship (residential lease) with the principals of CONSERVICE.

74.     CONSERVICE acts as an agent within the scope of their agency, specifically as a "billing agent" as defined in Civil Code section 1954.202(a).

75.     CONSERVICE issues monthly invoices to Plaintiffs and Plaintiff Classes for utility services including but not limited to trash, power, and water.

76.     An actual controversy has arisen and now exists between Plaintiffs and Plaintiff Classes on one hand, and CONSERVICE on the other, in that Plaintiffs and the Plaintiff Classes contend they are entitled to the underlying invoices and exact calculations that CONSERVICE purports to use to calculate and administer their utility bills.  CONSERVICE disputes that Plaintiffs and the Plaintiff Classes have the right to the requested information citing contractual, privacy and confidentiality concerns.   CONSERVICE affirmatively represents to Plaintiffs and the Plaintiff Classes that it is possession of the information sought.

77.     Plaintiffs and the Plaintiff Classes request a judicial determination of their right to the underlying invoices and exact calculations purportedly used to charge them for utilities.

78.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs and the Plaintiff Classes may ascertain their rights to the

---

**CLASS ACTION COMPLAINT SEEKING DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

information sought from CONSERVICE and determine if CONSERVICE's systematic refusal to provide the information is to obscure other violations of law, namely, upcharging utilities in violation of the Public Utilities Code.

## FOURTH CLAIM FOR RELIEF
### Restitution and Injunctive Relief as a Remedy for Unfair Competition
### (California Business and Professions Code §§ 17200, *et seq*.)

79.     Plaintiff re-alleges and incorporates by reference the allegations of all preceding paragraphs.

80.     Pursuant to §17200 of the California Business and Professions Code, "any unlawful, unfair or fraudulent business act or practice" constitutes "unfair competition."

81.     The violations of the California Civil Code and other wrongdoing alleged herein constitute unlawful, unfair and/or fraudulent business acts and practices, and therefore "unfair competition," for the purposes of § 17200 of the California Business and Professions Code.  Among other violations, Defendants' refusal to provide the underlying invoices and exact calculations used to charge sub-metered consumers their *pro rata* share of utilities.

82.     Plaintiffs have each suffered financial injury in fact and have each lost money and/or property as a result of such unfair competition.

83.     The facts set forth establish that the Plaintiffs and members of the Plaintiff Classes are entitled to judgment over and against Defendant, awarding restitution to them of all monies acquired by means of the described unfair competition, including any overcharged utility payments.

84.     Plaintiffs and the Plaintiff Classes are further entitled to declaratory and injunctive relief determining the rights and obligations in dispute among the Parties and an order mandating Defendants adhere to the mandates of law with respect to their utility billing and accounting practices.

85.     Specifically, an injunction should issue that mandates CONSERVICE create a legally compliant policy with respect to provision of underlying master-metered water bills.  And, further, an injunction should issue that mandates CONSERVICE create a legally compliant policy with respect

to provision of all other underlying utility bills consistent with *McClain v. Octagon Plaza, LLC* (2008) 159 Cal.App.4th 784 and other California authority.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of themselves and other members of Plaintiff Classes, pray:

1. For an equitable accounting requiring provision of all underlying invoices and exact calculations used to assess charges against Plaintiffs and the Plaintiff Classes.

2. For actual damages sustained by Plaintiffs and the Plaintiff Classes, including but not limited to, any amounts paid to Defendant over and above the *pro rata* share of exact charges for utilities as provided in the Civil Code and Public Utilities Code.

3. For restitution for violation of Business and Professions Code §§ 17200 *et seq.*;

4. For pre-judgment interest;

5. For attorney's fees and expenses recoverable under law including pursuant to Code of Civil Procedure section 1021.5;

6. For costs, including class action notice and administration expenses;

7. For injunctive relief against Defendant's conduct, including an injunction:

   a. Requiring Defendant to issue master-metered water bills as required by Civil Code § 1954.209 within the time prescribed by law.

   b. Requiring Defendant to issue disclose the exact calculations used to determine pro rata shares of utility charges as required by Civil Code and Public Utilities Code.

   c. Requiring Defendant to issue any utility or other related invoices and exact calculations utilized upon request of any California consumer who is subjected to their billing practices.

   d. To declare all alleged outstanding balances owed by class members that cannot be substantiated by invoices or by verifiable calculation invalid and prohibit collection thereupon.

8. For declaratory relief, declaring that Plaintiffs and Plaintiff classes are entitled to the underlying invoices and exact calculations used by Defendant to invoice California consumers.

**CLASS ACTION COMPLAINT SEEKING DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

9.  For all other appropriate declaratory and equitable relief;

10. Any other relief that this Court deems just.

DATED:  August 23, 2022                    LAW OFFICE OF JIMMIE DAVIS PARKER, APC

JIMMIE DAVIS PARKER, ESQ.
7812 WING FLIGHT COURT
San Diego, California 92119
Telephone:  619-887-3300
Email:  jdparker@gmail.com

Attorney for Plaintiffs

---

**24**
**CLASS ACTION COMPLAINT SEEKING DECLARATIVE RELIEF, DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

**JURY DEMAND**

Plaintiffs and ROES 1 through 100, individually and on behalf of the other members of the Plaintiff Classes, hereby demand trial by jury of all issues triable by a jury, pursuant to applicable law, including, but not necessarily limited to Article I, ¶16 of the California Constitution, and/or ¶592 of the California Code of Civil Procedure.

DATED:  August 23, 2022                    LAW OFFICE OF JIMMIE DAVIS PARKER, APC

                                           JIMMIE DAVIS PARKER, ESQ.

                                           7812 WING FLIGHT COURT
                                           San Diego, California 92119
                                           Telephone:  619-887-3300
                                           Email:  jdparker@gmail.com


                                           Attorney for Plaintiffs

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | | |
|---|---|---|
| STREET ADDRESS: | 330 W Broadway | |
| MAILING ADDRESS: | 330 W Broadway | |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 | |
| DIVISION: | Central | |
| TELEPHONE NUMBER: | (619) 450-7074 | |

| PLAINTIFF(S) / PETITIONER(S): | Michael Ray et.al. |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Conservice LLC |
|---|---|

RAY VS CONSERVICE LLC [EFILE]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: |
|---|---|
| | 37-2022-00034034-CU-BT-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Keri Katz                                                                     Department: C-74

**COMPLAINT/PETITION FILED:** 08/23/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/27/2023 | 09:30 am | C-74 | Keri Katz |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.